# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY AVINO, TROY SAVIC, CHARLIE STEINER, RACHEL SUMNER, AND BRITTANY VILLALONA on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>JOIN US HK LLC D/B/A HOLD FAST, RICHARD JASON CLARK, SHANE HATHAWAY, ABC CORPORATIONS 1-10, AND JOHN AND JANE DOES 1-10<br><br>Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION & RULE 23 CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs ANTHONY AVINO, TROY SAVIC, CHARLIE STEINER, RACHEL SUMNER, AND BRITTANY VILLALONA ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, unpaid overtime wages, spread of hours pay, and tips/gratuities for Plaintiffs and their similarly situated co-workers – all of whom worked as tipped and/or hourly food service workers at Defendants' restaurant located at 364 W 46th Street, New York, New York.

2. Plaintiffs and the other tipped and/or hourly food service workers employed by Defendants were not paid, and are owed, minimum wages for all of the hours they worked for

Defendants, overtime wages for all overtime hours they worked for Defendants, spread of hours pay for long shifts worked, and tips/gratuities.

3. Specifically, starting in or about January 2025, Defendants illegally failed to pay Plaintiffs and the other food service workers any wages at all, including without limitation, minimum wages, overtime wages, spread of hours pay and earned tips/gratuities.

4. Moreover, prior to 2025 – and continuing for many years - Defendants engaged in a scheme to steal tips/gratuities owed to Plaintiffs and the other food service workers. Specifically, Defendants would regularly enter false orders for food and/or beverages indicating that the customer paid in cash. Defendants did not deposit any cash into the register for these false orders. As a result, the cash tips total (calculated by taking the total cash received and deducting the cash received for food and/or beverages) would be reduced by the amount of the false cash orders thereby depriving Plaintiffs and the other food service workers of earned tips/gratuities.

5. Defendants also failed to provide the required notices to their tipped employees prior to or at the commencement of their employment.

6. Because Defendants stole tips from their employees and failed to provide the required notices to their tipped employees, Defendants were not allowed to take the federal or New York state tip credit and Plaintiffs and the Class Members are thus entitled to the full minimum wage for all hours worked for Defendants.

7. In addition, during certain shifts Plaintiffs and the tipped employees were required to spend more than 20% of their time or 2 hours performing non-service work (i.e., side work). They were thus entitled to the full minimum wage for these hours.

8. Plaintiffs brings this action on behalf of themselves and similarly situated current and former tipped and/or hourly food service workers who elect to opt-in to this action pursuant

to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), and specifically the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and other similarly situated employees of their lawfully earned minimum wages and overtime wages.

9. Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former tipped and/or hourly food service workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), including NYLL § 190 *et seq*., § 650 *et seq*., including 663(1), and 12 NYCRR § 146. Plaintiffs seek, for themselves and all other similarly situated employees, declaratory and injunctive relief, unpaid wages including unpaid minimum wages, unpaid overtime, unpaid spread of hours pay, tips/gratuities retained by Defendants, statutory damages, interest, reasonable attorneys' fees, costs, liquidated damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663 and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §§ 1331 and 216(b).

11. This Court has jurisdiction over Plaintiffs' NYLL and NYCRR 146 claims pursuant to 28 U.S.C. §1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendant JOIN US HK LLC d/b/a HOLD FAST, does business in, and accordingly resides in this district.

13. Venue is further proper within this District pursuant 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

14. Plaintiff ANTHONY AVINO, ("Avino") is an adult individual who resides in Brooklyn, New York.

15. Avino is a covered employee within the meaning of the FLSA, Articles 6 and 19 of the NYLL, and 12 N.Y.C.R.R.

16. Plaintiff TROY SAVIC ("Savic") is an adult individual who resides in New York, New York.

17. Savic is a covered employee within the meaning of the FLSA and NYLL.

18. Plaintiff CHARLIE STEINER ("Steiner") is an adult individual who resides in New York, New York.

19. Steiner is a covered employee within the meaning of the FLSA and NYLL.

20. Plaintiff RACHEL SUMNER ("Sumner") is an adult individual who resides in Astoria, New York.

21. Sumner is a covered employee within the meaning of the FLSA and NYLL.

22. Plaintiff BRITTANY VILLALONA ("Villalona") is an adult individual who resides in Forest Hills, New York.

23. Villalona is a covered employee within the meaning of the FLSA and NYLL.

24. Defendant JOIN US HK LLC d/b/a HOLD FAST ("Hold Fast") is a Limited Liability Company with its principal place of business at 364 W 46th Street, New York, New York.

25. Defendant RICHARD JASON CLARK ("Clark") is an individual who at all times relevant herein, owned, operated and controlled the day-to-day operations and management of Hold Fast.

26. Defendant SHANE HATHAWAY ("Hathaway") is an individual who at all times relevant herein, owned, operated and controlled the day-to-day operations and management of Hold Fast.

27. Defendants ABC CORPORATION (1-10) are business entities in any form that participated in the conduct alleged herein and/or have legal responsibility for the causes of action alleged herein, but whose identities and/or responsibilities are not presently known.

28. Defendants John and Jane Does (1-10) are individuals who participated in the conduct alleged herein and who may have legal responsibility for the causes of action alleged herein, but whose identities and/or participation are not presently known.

29. Defendants Hold Fast, Clark and Hathaway jointly employed Plaintiffs and the other food service workers.

30. Defendants Hold Fast, Clark and Hathaway are herein collectively referred to as "Defendants."

31. Defendants grossed more than $500,000.00 in each of the last four (4) calendar years.

32. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

33. At all times relevant hereto, Defendants employed employees, including Plaintiffs, and each member of the FLSA Collective and the Class Members, who regularly were employed

by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

34. At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

35. At all times relevant hereto, each of the Defendants has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by Articles 6 and 19 of the NYLL, and 12 N.Y.C.R.R.

36. At all times relevant hereto, Defendants have employed "employee[s]", including Plaintiffs and each member of the FLSA Collective and the Class Members.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs bring the First Cause of Action, FLSA claims, on behalf of themselves and all similarly situated persons who worked for Defendants as non-exempt food service employees at Hold Fast in New York, New York, who elect to opt-in to this action (the "FLSA Collective").

38. Consistent with the Defendants' policy and pattern or practice, Plaintiffs and the FLSA Collective were not paid minimum wages for all hours they worked, were not paid overtime wages for all overtime hours they worked and/or were not paid all of their tips/gratuities.

39. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.

40. This policy and pattern or practice includes but is not limited to willfully failing to pay their employees, including Plaintiffs and the FLSA Collective, (i) the lawful minimum wages for all hours worked, (ii) the required overtime wages for each overtime hour worked, and/or (iii) all of their tips/gratuities.

41. Defendants willfully failed to notify their employees of the manner in which pooled tips would be split amongst employees.

42. Defendants' unlawful conduct, as described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by failing to pay Plaintiffs and the FLSA Collective their minimum wages, overtime wages and tips/gratuities, as required by law.

43. Defendants are aware or should have been aware that federal law required them to pay their employees minimum wages for all of the hours they worked and overtime wages for all overtime hours worked.

44. Defendants are aware or should have been aware that federal law required them to allow Plaintiffs and the FLSA Collective to keep all of their tips/gratuities.

45. Plaintiffs and the FLSA Collective are similarly situated in their job descriptions, duties, and compensation and perform, or performed, the same primary duties.

46. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

47. Plaintiffs bring the Second, Third, and Fourth Causes of Action pursuant to Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid minimum wages, unpaid overtime pay, unpaid spread of hours pay, illegally withheld tips/gratuities, liquidated damages, and statutory damages on behalf of a class of all individuals employed by Defendants as a non-exempt food service employee at Hold Fast in New York, New York, on or after the date that is six years and 228 days before the

filing of the original Complaint in this case until the entry of judgment in this case (the "NYLL Class Period"). All said persons, including Plaintiffs, are referred to herein as the “NYLL Class Members” and/or the “NYLL Class”.

48. The number, names and addresses of the NYLL Class Members are readily ascertainable from the records of Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned, and the wages paid to them, are also determinable from Defendants’ records. Notice can be provided by means permissible under FRCP Rule 23.

49. The proposed NYLL Class is so numerous that joinder of all NYLL Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there are well over forty members of the NYLL Class.

50. Plaintiffs’ claims are typical of the claims of the NYLL Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the NYLL Class Members were subject to the same enterprise-wide practices of Defendants, in that they were not properly compensated for all hours and overtime hours worked and for spread of hours pay. Furthermore, Defendants illegally withheld tips/gratuities from all of the tipped NYLL Class Members. Moreover, the NYLL Class Members were subject to Defendants’ policies of failing to give the NYLL Class Members the required NYLL §195(1) notices at their hiring and failing to give the Class Members the accurate wage statements required by NYLL § 195(3). Defendants’ enterprise-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

51. As fellow employees of Defendants, which failed to compensate Plaintiffs and the NYLL Class Members as required by law, Plaintiffs and the other NYLL Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

52. Plaintiffs are able to fairly and adequately protect the interests of the NYLL Class and have no interests antagonistic to the NYLL Class. Plaintiffs are represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation. Plaintiffs' counsel have many times previously represented plaintiffs in wage and hour class cases.

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the NYLL Class would create a risk of inconsistent

and/or varying adjudications with respect to the individual members of the NYLL Class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of NYLL Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

54. Upon information and belief, employees are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because of the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

55. The questions of law and fact common to the NYLL Class predominate over any questions affecting only individual NYLL Class Members, including:

a) Whether Defendants employed Plaintiffs and the Class Members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were Defendants required to pay Plaintiffs and the Class Members for their work.

c) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the tip pool and tip allocations for Plaintiffs and the Class Members.

d) Whether Defendants paid Plaintiffs and the Class Members the required state minimum wage for all hours worked.

e) Whether Defendants properly compensated Plaintiff and Class Members for overtime hours and spread of hours shifts.

f) Whether Defendants provided Plaintiffs and the Class Members with adequate wage notices and wage statements.

g) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type and amount of labor Plaintiffs and the Class Members were required to perform.

h) Whether Defendants retained a portion of Class Members' tips.

56. Absent a class action, many of the NYLL Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## FACTUAL ALLEGATIONS

57. Plaintiffs worked for Defendants as tipped food service workers – specifically as bartenders – from at least the beginning of January 2023 until in or about September 2025.

58. Plaintiffs', the FLSA Collective's, and the Class Members', hours of work – as non exempt food service workers employed by Defendants – varied depending on the day of the week.

59. Plaintiffs, the FLSA Collective, and the Class Members worked either part-time or full-time.

60. Plaintiffs, many of the persons of the FLSA Collective, and many of the Class Members participated in a tip pool in which tips/gratuities were shared.

61. In or about January of 2024, Plaintiff TROY SAVIC witnessed Defendant Hathaway inputting false orders to be paid in cash and/or entering orders to be paid in cash without paying cash for the orders, thereby stealing tips/gratuities from Plaintiffs, the FLSA Collective, and the Class Members.

62. Upon information and belief, Defendants regularly stole cash tips/gratuities from Plaintiffs, the FLSA Collective, and the Class Members for many years prior to, and after, 2024.

63. Beginning in or about September 2024, Defendants began to delay pay to Plaintiffs, the FLSA Collective, and the Class Members, of regular wages, overtime wages and earned tips/gratuities, in violation of the NYLL and 12 NYCRR §146.

64. Starting in or about September 2024, Defendants began to delay the payment of regular wages, overtime wages, and earned tips/gratuities to Plaintiffs, the FLSA Collective, and the Class Members, for a period of two (2) to six (6) weeks.

65. Beginning in or about January 2025, and continuing through September 2025 or later, Defendants failed to pay Plaintiffs, the FLSA Collective, and the Class Members, any regular wages, overtime wages or earned tips/gratuities for hours worked.

66. Plaintiff ANTHONY AVINO, has not been paid by Defendants for approximately 1120 hours that he worked between January 2025 and September 2025.

67. Plaintiff TROY SAVIC, has not been paid by Defendants for approximately 250 hours that he worked between January 2025 and September 2025.

68. Plaintiff CHARLIE STEINER, has not been paid by Defendants for approximately 400 hours that he worked between January 2025 and September 2025.

69. Plaintiff RACHEL SUMNER, has not been paid by Defendants for approximately 200 hours that she worked between January 2025 and September 2025.

70. Plaintiff BRITTANY VILLALONA, has not been paid by Defendants for approximately 500 hours that she worked between January 2025 and September 2025.

71. In addition, during certain shifts Plaintiffs and other tipped employees were required to spend more than 20% of their time or 2 hours performing non-service work (i.e., side work).

72. For example, at various points during Plaintiffs' employment, the opening shift for servers/bartenders was an hour and a half, or more, before Defendants opened their restaurant for service. Similarly, the servers/bartenders were not allowed to leave when Defendants' patrons left, they had to continue working during close-down procedures.

73. During these times, the servers/bartenders performed non-service side work such as preparing/stocking the bar/bar area, food, drinks and related items – including polishing and rolling silverware - as well as setting up tables, cleaning, and prepping/shutting down the bar area, dining area, common areas and the kitchen. In addition, during shifts, Defendants would often pull servers off the floor to do work in the kitchen, such as preparing drinks, salads, desserts, or to-go orders. Servers who were pulled into the kitchen normally attended to this non-service work for 30-60 minutes.

74. Because Defendants required tipped employees to do more than 20%, or 2 hours, of side work during certain shifts, Defendants' payment of the tip credit minimum wage during those shifts was unlawful.

75. Plaintiffs, the FLSA Collective and the Class Members were also not paid for many hours that they worked for Defendants.

76. Defendants also failed to provide the required notices to their tipped employees prior to or at the commencement of their employment.

77. Because Defendants stole tips from their employees, specifically from Plaintiffs and the Class Members, and failed to provide the required notices to their tipped employees, Defendants were not entitled to take the tip credit and Plaintiffs and the Class Members are entitled to the full minimum wage for all hours worked for Defendants.

78. Plaintiffs, the FLSA Collective, and the Class Members are therefore entitled to the full minimum wage for each hour they worked for Defendants.

79. In addition, at all relevant times hereto, Defendants failed to pay Plaintiffs, the FLSA Collective, and the Class Members, overtime premiums for overtime hours they worked for Defendants.

80. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid for the hours they worked for Defendants.

81. Defendants knew that the nonpayment of minimum wages and overtime wages would economically injure Plaintiffs, the FLSA Collective and the Class Members, and that they violated the FLSA and NYLL and the 12 NYCRR.

82. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective and the Class Members.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act, Minimum Wages & Overtime Wages & Tips/Gratuities (Brought by Plaintiffs on Behalf of Themselves and the Members of the FLSA Collective)**

83. Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

84. At all times relevant, Plaintiffs and the members of the FLSA Collective are or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

85. Plaintiffs consent in writing to be a party to this action under 29 U.S.C. § 216(b).

86. At all times relevant, Defendants have been employers of Plaintiffs and the members of the FLSA Collective, engaged in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

87. The FLSA allows an employer to count tips received by an employee as wages ("tip credit allowance") in certain circumstances. The employer must pay at least $2.13 per hour in direct wages and if an employee's tips plus the direct hourly wage do not equal at least the minimum wage of $7.25 per hour, the employer must make up the difference in direct wages.

88. Defendants did not inform Plaintiff and the members of the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

89. Defendants failed to pay Plaintiff and the members of the FLSA Collective the minimum wages and overtime wages to which they are entitled under the FLSA.

90. Defendants were not eligible to avail themselves of the tip credit allowance under the FLSA, 29 U.S.C. § 203(m), because Defendants failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, and because they required Plaintiffs, and the FLSA Collective to share their tips with employees not entitled to share in a tip pool under the FLSA, 29 U.S.C. Section 203 (m).

91. Further, during the period starting early 2025, Defendants were not eligible to avail themselves of the tip credit allowance because they failed to pay Plaintiffs and the members of the FLSA Collective <u>any</u> wages.

92. Plaintiffs and the FLSA Collective seek damages in the amount of their respective unpaid minimum wages, overtime wages, liquidated damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**<u>SECOND CAUSE OF ACTION</u>**

**NYLL, Minimum Wages, Spread of Hours Pay & Overtime Wages**
**(Brought by Plaintiffs on Behalf of Themselves and the NYLL Class)**

93. Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

94. At all relevant times, Defendants employed Plaintiffs and the NYLL Class Members within the meaning of the NYLL §651 and 12 NYCRR § 146-3.2.

95. It is unlawful under New York law for an employer to fail to pay manual workers like Plaintiffs and the Class Members on a weekly basis.

96. It is unlawful under New York law for an employer to suffer or permit an employee to work without paying the required minimum wages for all hours worked.

97. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

98. It is unlawful under New York law for an employer to suffer or permit an employee to work without paying the required spread of hours pay.

99. As set forth above, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the NYLL Class Members on a weekly basis.

100. As set forth above, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the NYLL Class Members the required minimum wages for all hours worked.

101. As set forth above, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the NYLL Class Members for all of their overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

102. As set forth above, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the NYLL Class Members the required spread of hours pay.

103. Defendants violated and are violating Plaintiffs' and the NYLL Class Members' rights by failing to pay or underpaying Plaintiffs and the NYLL Class Members the required overtime wages, in violation of NYCRR § 146-1.4.

104. Defendants violated and are violating Plaintiffs' and the NYLL Class Members' rights by failing to pay Plaintiffs and the NYLL Class Members the required minimum wages for all hours worked.

105. Defendants violated and are violating Plaintiffs' and the NYLL Class Members' rights by failing to pay or underpaying Plaintiffs and the NYLL Class Members the required spread of hours pay, in violation of NYCRR § 146-1.6.

106. Defendants' failure to timely pay Plaintiffs and the NYLL Class Members the foregoing amounts is a violation of the NYLL.

107. Defendants were not eligible to avail themselves of the tip credit allowance under the NYLL because Defendants failed to provide Plaintiffs and the NYLL Class Members with the required NYLL tip notices upon their hiring, and because they stole Plaintiffs'/the NYLL Class Members' tips and/or required Plaintiffs and the NYLL Class Members to share their tips with employees not entitled to share in a tip pool under the NYLL.

108. Pursuant to the NYLL, Defendants are liable to Plaintiffs and the NYLL Class Members for unpaid or underpaid (1) overtime compensation, (2) minimum wages, and (3) spread-of-hours wages.

109. Plaintiffs and the NYLL Class Members are further entitled to recover liquidated damages, pursuant to NYLL § 198 and § 663(1).

110. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the NYLL Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

111. On March 20, 2020, during the Covid 19 pandemic, Governor Andrew Cuomo issued the first of a series of executive orders tolling the statute of limitations in New York. In total, these executive orders tolled the statute of limitations for a period of 228 days until November 3, 2020. *See Roach v. Cornell University*, 207 A.D.3d 931, 218 (Sup. Ct. 3rd Dept. 2022); *Flaherty v. Dixon*, 22 Civ. 2642 (LGS), 2023 WL 2051861, at *3-4 (S.D.N.Y. Feb. 16, 2023). Plaintiffs' NYLL claims which accrued prior to March 20, 2020 are thus tolled for an additional 228 days.

112. Plaintiffs, on behalf of themselves and the NYLL Class Members, seek damages in the amount of their respective unpaid overtime compensation, minimum wages, spread of hours pay, liquidated damages, prejudgment interest at the statutory rate, post judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

**(NYLL – Illegal Tip Deductions, Brought by Plaintiffs on Behalf of Themselves and the NYLL Class)**

113. Plaintiffs, on behalf of themselves and the NYLL Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

114. Defendants violated §196-d of the NYLL by unlawfully retaining, and failing to distribute to Plaintiffs and the NYLL Class, all of the tips/gratuities that customers paid to them—

instead distributing some of the tips/gratuities to Defendants' owners, managers and/or other employees who were not entitled to them.

115. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs and the NYLL Class Members have sustained damages, including the loss of earnings, in an amount to be established at trial.

116. On March 20, 2020, during the Covid 19 pandemic, Governor Andrew Cuomo issued the first of a series of executive orders tolling the statute of limitations in New York. In total, these executive orders tolled the statute of limitations for a period of 228 days until November 3, 2020. *See Roach v. Cornell University*, 207 A.D.3d 931, 218 (Sup. Ct. 3rd Dept. 2022); *Flaherty v. Dixon*, 22 Civ. 2642 (LGS), 2023 WL 2051861, at *3-4 (S.D.N.Y. Feb. 16, 2023). Plaintiffs' NYLL claims which accrued prior to March 20, 2020 are thus tolled for an additional 228 days.

117. Due to Defendants' NYLL violations, Plaintiffs, on behalf of themselves and the NYLL Class Members, seek damages in the amount of their respective tips/gratuities, liquidated damages, pre-judgment interest at the statutory rate and post-judgment interest, attorneys' fees and costs, as provided by the NYLL, and such other legal and equitable relief as this Court deems just and proper.

**<u>FOURTH CAUSE OF ACTION</u>**

**(NYLL – Notice Violations Brought by Plaintiffs on Behalf of Themselves and the NYLL Class)**

118. Plaintiffs, on behalf of themselves and the NYLL Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

119. Defendants failed to furnish to each Plaintiff and each NYLL Class Member, at the time of hiring, an accurate notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, NYLL § 195(1) and NYCRR § 146-2.2.

120. Defendants failed to furnish to Plaintiffs and the NYLL Class Members with each wage payment an accurate statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and NYCRR § 146-2.3.

121. Defendants' record keeping and notice violations prevented Plaintiffs and the NYLL Class Members from knowing their legal rights and from figuring out how many hours they were not properly compensated for and from knowing whether tips were being shared with non-eligible employees or whether they received the correct percentage of the total tips collected.

122. Defendants violated NYLL § 195(1) and (3) and consequently owe Plaintiffs and the NYLL Class Members statutory damages as specified by NYLL § 198(1-d).

123. Plaintiffs, on behalf of themselves and the NYLL Class Members, seek statutory damages as specified by NYLL § 198(1-b) and (1-d), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves, the members of the FLSA Collective, the NYLL Class Members, and the FWWL Class Members pray for relief as follows:

(a) Certification of this action as a collective action as it relates to the First Cause of Action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective described herein apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designation of Plaintiffs and their counsel to represent the members of the FLSA Collective;

(c) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 as it relates to the Second, Third and Fourth Causes of Action;

(d) Certification of Plaintiffs as class representatives and designation of Plaintiffs' counsel as class counsel;

(e) An award of unpaid minimum wages, unpaid overtime compensation, unpaid hourly compensation, tips and gratuities, and spread of hours pay, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(f) Statutory damages under NYLL § 198(1-b) and (1-d) for violations of NYLL § 195(1) and (3);

(g) Costs of action incurred herein, including expert fees;

(h) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, and NYLL § 663.

(i) Pre-Judgment and post-judgment interest, as provided by law; and

(j) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

**JURY TRIAL DEMAND**

Plaintiffs, on behalf of themselves, the members of the FLSA Collective, and the Class Members, demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: December 23, 2025

Respectfully submitted,

David Harrison
__s/ David Harrison______________________
**HARRISON, HARRISON & ASSOC., LTD**
David Harrison, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 888-239-4410
dharrison@nynjemploymentlaw.com

__s/ Laura M. LoGiudice___________________
**GREEN SAVITS, LLC**
Laura M. LoGiudice, Esq.
25B Vreeland Road
Florham Park, NJ 07932
Telephone: (973) 695-7777
llogiudice@greensavits.com

*Attorneys for Plaintiffs and the Proposed FLSA Collective and Class Members*